HENRY, Circuit Judge,
concurring.
I concur in the result. In my view, the record is sufficient to establish that the defendants are entitled to assert the defense of qualified immunity. In light of the regulatory and oversight responsibilities of CDDO’s under Kansas law, I do not believe that the competitive pressures to which the majority refers are sufficient to protect against the risk of unwarranted timidity by those who undertake these tasks. Cf. Bartell v. Lohiser, 215 F.3d 550, 556 (6th Cir.2000) (holding that a private contractor responsible for making foster care decisions is entitled to assert the defense of qualified immunity); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 72-74 (2d Cir.1998) (holding that a private insurance company, acting as fiscal intermediary or carrier on behalf of the United States in administration of a Medicare program, was entitled to official immunity from suit for claims that arise out of performance of its duty to investigate and report possible Medicare fraud and rejecting the argument that the denial of immunity in Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997), supported the denial of immunity to those private entities that act “on behalf of the [government] in carrying out certain administrative responsibilities that the law imposes”) (internal quotation marks omitted).
*1170 Although in Richardson, the Supreme Court concluded that the competitive pressures faced by private firms managing prisons were sufficient to protect unwarranted timidity by prison guards, I think we should be wary of applying Richardson’s reasoning too broadly. The Court itself noted that:
[W]e have answered the immunity question narrowly, in the context in which it arose. That context is one in which a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertakes that task for profit and potentially in competition with other firms. The case does not involve a private individual briefly associated with a government body, serving as an adjunct to government in an essential government activity, or acting under close official supervision.
Id. at 413, 117 S.Ct. 2100 (emphasis added).
Nevertheless, even though I would allow the defendants to assert the defense, I would further conclude that qualified immunity is not warranted on this record. In particular, as to the plaintiffs equal protection claim, I agree with the district court that “there is adequate evidence in the record from which it can be inferred that Sunflower treated Rosewood differently than other service providers by generally subjecting Rosewood to a higher degree of scrutiny than other service providers and by raising a variety of obstacles to attempt to stem the tide of clients transitioning their services to Rosewood.” Aplt’s App. vol. I, at 32. There is also sufficient evidence to support the plaintiffs retaliation claim. Viewed in the light most favorable to the plaintiff, a factfinder could conclude that the defendants violated clearly established rights of which a reasonable official would have known.
Accordingly, I would affirm the denial of summary judgment to the defendants on this alternative ground.